COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


MELVIN CARTER
                                             OPINION BY
v.    Record No. 0891-01-1            JUDGE RICHARD S. BRAY
                                           APRIL 16, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Thomas S. Shadrick, Judge

          Edward W. Webb for appellant.

          Leah A. Darron, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Melvin Carter (defendant) was convicted in bench trials for

possession of a firearm while in possession of a controlled

substance and possession of a firearm by a convicted felon,

violations of Code §§ 18.2-308.4, and -308.2, respectively.  On

appeal, he challenges the sufficiency of the evidence to support

the convictions and, further, the court's imposition of the

mandatory sentence prescribed for certain violations of Code

§ 18.2-308.2.  Finding no error, we affirm the trial court.

                               I.

     Guided by familiar principles of appellate review, we examine

"the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987). The credibility of witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters solely within the province of the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Viewed accordingly, the record discloses that, on March 27, 2000, Virginia Beach Police Officer Frederick E. Franks stopped a vehicle for a traffic infraction and noticed the front seat passenger, defendant, was not wearing a seat belt. Intending to issue a summons, Franks obtained identification from defendant and conducted a routine "record check," which revealed "outstanding warrants" for defendant's arrest.

Franks, then joined at the scene by Officer Nicholas Russo, advised defendant of the warrants and asked that he "step out of the vehicle." As defendant exited the car, he removed his jacket and "set it in the seat." Russo "picked up the jacket" and, noticing it "felt heavy," "went into the pockets," and discovered an unloaded "handgun." A search of defendant's person by Franks revealed cocaine in a trouser pocket. Defendant, a convicted

felon, was subsequently indicted for possession of the controlled substance,[1] together with the instant firearm offenses.

On December 4, 2000, trial commenced only on the indictments charging possession of cocaine and of a firearm while in possession of the controlled substance.  Franks identified the "unique weapon" found in defendant's jacket as a "Cobray .45-.22 over-under," with the "capability . . . [to fire] either the .22 round or the .45 round."  Testing the pistol prior to trial, Franks placed "maskin [sic] tape . . . between the firing pin and the barrel of the weapon, pulled the trigger" and noted "quite a distinct impression on the tape," "where the firing pin would hit the primer . . . of the .45 round."  Similarly, when he placed "a spent shell for a .22 long rifle . . . into the barrel for the .22 . . . and pulled the trigger[,] . . . it did also leave a mark where the firing pin struck the rear of the casing . . . consistent with the firing pin striking the .22 long rifle."  Based upon his "experience and . . . training," Franks opined, without objection, that the indentation evinced a strike by the firing pin on the .22 shell sufficient "to discharge that round."[2]

------

[1] Defendant does not challenge the conviction and sentence for possession of the cocaine.

[2] On cross-examination, Franks testified he did not actually "test fire[] the weapon."  He also acknowledged that a "particular [.45 caliber shell] casing slid down through the barrel," although the significance of such finding is unclear in the record.  (Emphasis added.)

- 3 -

At both the conclusion of the Commonwealth's case and of all the evidence, defendant moved the court to strike, contending the Commonwealth had not "proven [the weapon] to be operable," an element necessary to establish a "firearm" contemplated by Code § 18.2-308.4. The court, however, overruled the motions, convicted defendant of possession of a firearm while in possession of a controlled substance, and deferred sentencing pending the preparation and consideration of a presentence report.

On March 20, 2001, defendant appeared before the court for sentencing and for trial on the unresolved indictment alleging possession of a firearm by a convicted felon. For purposes of trial on the felon/firearm offense, the Commonwealth and defendant agreed to "[s]tipulate to the evidence and the exhibits" introduced in the earlier prosecution, subject to defendant's continuing challenge to the sufficiency of the evidence to establish "the operability of the firearm." In proof of defendant's prior felony conviction, the Commonwealth offered into evidence a copy of an order entered in the Virginia Beach Juvenile and Domestic Relations District Court on September 7, 1995, which memorialized a finding of "guilty" of "Assault by Mob," a violation of Code § 18.2-41, a "violent felony" pursuant to Code § 17.1-805. Attendant records, also in evidence, established defendant was fifteen years old at the time of such offense.

- 4 -

Despite defendant's challenge to the sufficiency of the evidence to prove the firearm element of the offenses, the trial court also found defendant guilty of possession of a firearm by a convicted felon and proceeded to sentencing on both the controlled substance/firearm and felon/firearm convictions. Defendant then argued that the mandatory sentencing provision of Code § 18.2-308.2, the felon/firearm offense, was applicable only to an accused "previously convicted of a violent felony," not "a [prior] juvenile adjudication." (Emphasis added.) The trial judge disagreed and sentenced defendant to the mandatory term of five years imprisonment for the offense.

## II.

Defendant first contends the evidence was insufficient to prove he was in possession of an operable firearm within the intendment of Code §§ 18.2-308.2 and -308.4.

Both Code §§ 18.2-308.2 and -308.4 criminalize the possession of a "firearm" by certain persons. Code § 18.2-308.2 proscribes such conduct by "(i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult." Code § 18.2-308.4 prohibits the possession of "any firearm" by "[a]ny person unlawfully in possession of a controlled substance . . . ."

- 5 -

In Jones v. Commonwealth, 16 Va. App. 354, 429 S.E.2d 615, aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993), and its progeny, we construed Code § 18.2-308.2 to require proof that the offending weapon was operational or the functional equivalent. See, e.g., Williams v. Commonwealth, 33 Va. App. 796, 537 S.E.2d 21 (2000); Gregory v. Commonwealth, 28 Va. App. 393, 504 S.E.2d 886 (1998). In Timmons v. Commonwealth, 15 Va. App. 196, 421 S.E.2d 894 (1992), we applied a like principle to prosecutions under Code § 18.2-308.4. Id. at 199-201, 421 S.E.2d at 896-97.

Later, however, in Armstrong v. Commonwealth, 36 Va. App. 312, 549 S.E.2d 641 (2001) (en banc), we revisited Jones, Timmons and a succession of decisions that applied the related operability theory, concluding, "[i]t matters not whether the gun's current condition is 'operable' or 'inoperable' or whether a can of WD-40 or the local gunsmith could render the firearm fully functional." Id. at 320, 549 S.E.2d at 645. Thus, we said:

> In a prosecution under Code § 18.2-308.2,
> once the Commonwealth proves the accused is
> a convicted felon who possessed an object
> made to "expel a projectile by the
> combustion of gunpowder or other explosive,"
> then it has proven all the necessary
> elements of the crime based on the plain
> language of the statute.

Id. at 320-21, 549 S.E.2d at 645. Subsequently, the Supreme Court of Virginia awarded Armstrong an appeal from the judgment

- 6 -

of this Court, thereby rendering uncertain the authority of our decision.

Nevertheless, with Armstrong aside, and assuming controlling jurisprudence required the Commonwealth to prove the weapon in issue was operational, the instant record established the element. Tests of the gun conducted by police demonstrated the efficacy of the trigger, firing pin and related mechanisms, and Officer Franks testified, without objection or contradiction, that it would "discharge [a .22] round." Further, the trial judge, after examining the gun, found it was a "heavy weapon . . . [with] a very heavy, solid, strong firing mechanism[, which] makes an indentation in the .22-caliber cartridge . . . very similar to the indentation that fired the bullet out of that cartridge." We, therefore, find no merit in defendant's sufficiency challenge.

### III.

Defendant next contends the mandatory sentencing provision of Code § 18.2-308.2 is not implicated by a prior "juvenile adjudication." We disagree.

Code § 18.2-308.2 provides, in pertinent part:

> It shall be unlawful for (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other

- 7 -

state . . . , to knowingly and intentionally possess . . . any firearm. . . . <u>Any person</u> who violates this section shall be guilty of a Class 6 felony.  However, <u>any person</u> who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of a violent felony as defined in § 17.1-805 shall not be eligible for probation, and shall be sentenced to a minimum, mandatory term of imprisonment of five years. . . .

(Emphases added.)[3]

The statute is intended to "'prevent[] a person, who is known to have committed a serious crime in the past, from becoming dangerously armed, regardless of whether that person uses, displays, or conceals the firearm.'"  <u>Thomas v. Commonwealth</u>, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (2002) (citation omitted).  "Any person" convicted of the offense is subject to punishment as a Class 6 felony.  However, to assure additional public protection from "dangerously armed" felons with a demonstrated propensity for violence, the legislature mandated incarceration for "<u>any person</u> . . . previously convicted" of a "<u>violent</u> [predicate] <u>felony</u>."  Code § 18.2-308.2(A) (emphases added).

Defendant urges we construe the statutory reference to "any person . . . previously <u>convicted</u> of a violent felony," which appears in the mandatory sentencing provision of Code

_____

[3] Code § 17.1-805(C) provides:  "For purposes of this chapter, violent felony offenses shall include any violation of . . . [Code] § 18.2-41 . . . ."

§ 18.2-308.2(A), to exclude from such punishment offenders "found guilty . . . of a delinquent act . . ., whether such conviction or adjudication" resulted from a violation of Virginia law or otherwise. (Emphasis added.) In support of his argument, defendant notes "the terms . . . used to describe [predicate] juvenile offenses" in defining the crime are distinct from "convictions" referenced in mandating sentence, thereby evincing legislative intent to limit the mandatory punishment to persons having committed a violent felony as an adult. Defendant's construction, however, is belied by the clear language of Code § 18.2-308.2(A) and would subvert the salutary purposes of the statute.

Well established "principles of statutory construction require us to ascertain and give effect to the legislative intent." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." Id. Thus, "[i]t is a basic rule of statutory construction that a word in a statute is to be given its everyday, ordinary meaning unless the word is a [term] of art." Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991) (citations omitted). Because the Code of Virginia is "one body of law," we may consult other statutes "using the same phraseology" to assist us in divining

- 9 -

legislative intent.  Branch, 14 Va. App. at 839, 419 S.E.2d at

425.  "Although penal laws are to be construed strictly [against

the Commonwealth], they 'ought not to be construed so strictly

as to defeat the obvious intent of the legislature.'"  Willis v.

Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990)

(citation omitted).

Here, in fashioning a statute to protect the public from

the threat of dangerously armed felons, the legislature

expressly included within the statutory proscription all persons

previously "found guilty," while juveniles, of a "delinquent

act," deemed felonious.  Subsequent reference in Code

§ 18.2-308.2(A) to "conviction or adjudication" simply

recognizes terms that sometimes differentiate determinations of

guilt in juvenile and adult prosecutions.  Thus, the inclusive

language, "any person," which appears in the punishment

provisions of the statute, clearly embraces anyone found in

violation of the prohibition.[4]  Contrary to defendant's argument,

the statutory language promotes inclusion, not exclusion.  A

different interpretation would exempt dangerous felons, with

demonstrated violent propensities, from a mandated punishment

intended to enhance public protection, a narrow and illogical

construction at odds with legislative intent.

---

[4] In ordinary parlance, the adjective "any" connotes "one or
some indiscriminately of whatever kind," "every," "all."
Webster's Ninth New Collegiate Dictionary 93 (1989).

- 10 -

Moreover, treatment of juvenile "adjudications" as convictions for purposes of sentencing considerations comports with other statutes that address the issue.  See, e.g. Code § 17.1-805(B)(1) ("For purposes of [sentencing guidelines], previous convictions shall include prior adult convictions and juvenile convictions and adjudications of delinquency based on an offense which would have been at the time of conviction a felony if committed by an adult . . . ."); Code § 19.2-295.1 (stating that for purposes of sentencing, "defendant's prior criminal convictions . . . include[] adult convictions and juvenile convictions and adjudications of delinquency" (emphasis added)).

Accordingly, we affirm the convictions, together with the mandatory punishment imposed upon defendant in accordance with Code § 18.2-308.2(A).

Affirmed.