COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and Clements
Argued at Alexandria, Virginia


DEREK McDANIEL

MEMORANDUM OPINION[*] BY
v.    Record No. 3317-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                              JUNE 17, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on briefs), for
appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Jerry W. Kilgore, Attorney
General, on brief), for appellee.


Derek McDaniel (appellant) was convicted in a jury trial of

possession of a firearm by a convicted felon in violation of Code

§ 18.2-308.2.[1] On appeal, he contends that the trial court erred

in (1) finding the evidence sufficient to prove the gun introduced

into evidence at trial was the same gun appellant possessed on

July 25, 1999; (2) allowing evidence of other crimes; and (3)

finding the evidence sufficient to establish he possessed a

firearm on July 25, 1999. Finding no error, we affirm.

I.

---

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] Appellant was also indicted for abduction in violation of
Code § 18.2-47, use of a firearm in the commission of a felony
in violation of Code § 18.2-53.1 and domestic assault in
violation of Code § 18.2-57.2(B) as a result of the July 25,
1999 series of events. Those charges were severed and later
dismissed.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

On July 25, 1999, Eugene Sizer was driving behind appellant and appellant's girlfriend, Ronnette Watkins. He saw the two get out of the car and appear to have a "misunderstanding." Sizer separated them, and appellant got in the passenger seat of Sizer's car. Appellant directed Sizer to drive to a nearby parking lot where he "reached into a pocket, [and] took out a small, little handgun." Sizer said it "startled" him and that it happened "real fast, within a course of maybe a minute to two minutes." Sizer, a convicted felon, did not want to be near the gun and asked appellant to leave the car and take the gun with him.

Sizer had been in the military and was familiar with guns. He described appellant's gun as "a small handgun, maybe a .25 or .32 automatic, similar to a nickel plated, like a little small gun you could almost fit in your hand." It was shiny, and the clip "came in from the bottom." At trial, Sizer was asked if he recognized the gun previously identified as Commonwealth's Exhibit 2 and he said, "Yes, I do. . . . That's the same gun that was on the floorboard of my car. . . . The little, small, nickel plated type handgun that could fit almost in the palm of your hand." Sizer further stated, "I can swear that it looks exactly like the weapon that I – – that [appellant] took out of my car."

-

At approximately 11:15 p.m. on October 15, 1999, appellant appeared at Gwendolyn Hogan's home. Hogan said he

> looked like he had been in a scuffle. He was out of breath and he was hot. He wanted to lie down. So he laid down across my kitchen floor. He was burning up. I put a cold rag on his chest, an ice pack on his head. I asked him what was wrong. He explained that someone was after him. I told him just to lay there and I was trying to bring his body temperature down. He was sick. He threw up on my floor. He laid there probably about two and a half hours. . . . [H]e gave me a firearm and asked me to put it away where no one could find it and that's what I did. . . . About 12:30 he got up and made a couple of phone calls. At about 1:00 o'clock he left my house. About 1:07 I had numerous officers beating down my front door.

Hogan described the gun as "a hand held gun, about that big (indicating), black and silver." Hogan than led officers to the location of the weapon appellant had given her, and the officers took possession of it. When asked if Commonwealth's Exhibit 2 was the weapon, Hogan said, "That looks like the weapon. I can't be a hundred percent certain because I really didn't stare at the thing, but, yes, it's black and silver just like I described."

Fairfax County police officers, Steve Depue and James Call, retrieved the gun from Hogan's bedroom. At trial, Depue testified that Commonwealth's Exhibit 2 was the gun he retrieved from Hogan and that it was in substantially the same condition as the night he took it from Hogan. The parties stipulated that Commonwealth's Exhibit 2 was a firearm. No fingerprints were recovered from the weapon.

-

Appellant testified and denied that he possessed a gun on July 25, 1999 or on October 15, 1999.  He also stated he was not in Hogan's home after 7:00 p.m. on October 15, 1999.

A jury found appellant guilty of possession of a firearm by a convicted felon for the incident on July 25, 1999.  He was sentenced to four years and six months in the penitentiary.  From that decision, he appeals.

II.

Appellant first contends that the firearm recovered from Hogan's home was not sufficiently identified as the gun he allegedly possessed on July 25, 1999.  This argument is without merit.

"The credibility of witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters solely within the province of the fact finder."  Carter v. Commonwealth, 38 Va. App. 116, 119, 562 S.E.2d 331, 332 (2002) (citing Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989)).

Sizer described in detail the gun appellant possessed while a passenger in his car on July 25, 1999.  He identified Commonwealth's Exhibit 2, the gun taken from Hogan's home, as "the same gun that was on the floorboard of my car. . . .  The little, small, nickel plated type handgun that could fit almost in the palm of your hand. . . .  I can swear that it looks exactly like the weapon . . . [appellant] took out of my car."  This testimony is sufficient if believed by the fact finder to prove that appellant was in possession of a weapon on July 25, 1999.

Additionally, Commonwealth's Exhibit 2 was identified by

-

Hogan as having been left by appellant at her home.  The police retrieved the same gun from Hogan.  Appellant makes no claim of error in the chain of custody of the exhibit.  Rather, he argues only its relevancy because it lacked "unique characteristics."

Appellant relies on Washington v. Commonwealth, 228 Va. 535, 323 S.E.2d 577 (1984), to preclude the admission of the gun.  He contends that, since the gun admitted into evidence does not have unique characteristics, the trial court erred in finding the authenticity of the gun was proved.  We disagree.  The Supreme Court in Whaley v. Commonwealth noted that:

> If the offered item possesses the characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question . . . .

214 Va. 353, 357, 200 S.E.2d 556, 559 (1973) (quoting McCormick, Handbook of the Law of Evidence, Demonstrative Evidence, § 212, at 527 (2d ed. 1972)).

In Washington, the defendant identified a shirt to be admitted into evidence in the same manner that Sizer identified Commonwealth's Exhibit 2 as the gun appellant possessed on July 25, 1999.  This evidence was both relevant and corroborative of Sizer's earlier description of appellant's gun.  Washington, 228 Va. at 550-51, 323 S.E.2d at 587-88.  Thus, there was no error in the admission of this evidence.

### III.

Appellant next argues that Commonwealth's Exhibit 2 and the testimony about its recovery was "other crimes" evidence, and

-

should have been excluded.  He argues that the evidence

"implicated [appellant] in a second crime, possession of a

firearm on October 15-16[, 1999] while he is being tried for

possession of a firearm on July 25[, 1999]."  We disagree.

> The general rule excluding evidence of
> "other crimes" extends only to crimes which
> are unrelated to those on trial, and which
> are offered solely for the purpose of
> showing that the accused was a person of
> such character as to be a likely perpetrator
> of the offense charged.  If the evidence of
> other conduct is connected with the present
> offense, or tends to prove any element or
> fact in issue at trial, it should be
> admitted, whether or not it tends to show
> the defendant guilty of another crime.

Parnell v. Commonwealth, 15 Va. App. 342, 348, 423 S.E.2d 834,

838 (1992).

> Admission of evidence under these exceptions, however, is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice caused the defendant. Further, the admission of such "other crimes" evidence is prohibited when its only purpose is to show that the defendant has a propensity to commit crimes or a particular type of crime and, therefore, probably committed the offense for which he is being tried.

Guill v. Commonwealth, 255 Va. 134, 139, 495 S.E.2d 489, 491-92

(1998) (internal citations omitted). "The responsibility for

balancing the competing considerations of probative value and

prejudice rests in the sound discretion of the trial court. The

exercise of that discretion will not be disturbed on appeal in

the absence of a clear abuse." Hewston v. Commonwealth, 18

Va. App. 409, 414, 444 S.E.2d 267, 269 (1994) (internal citation

and quotation omitted).

"One of the issues upon which 'other crimes' evidence may

be admitted is that of the perpetrator's identity, or criminal

agency, where that has been disputed." Id. at 412, 444 S.E.2d

at 268. "Evidence of 'other crimes' is relevant and admissible

if it tends to prove any element of the offense charged," Guill,

225 Va. at 138, 495 S.E.2d at 491, "or if the evidence is

connected with . . . the offense for which the accused is on

trial." Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d

-

377, 381 (1988), <u>cert.</u> <u>denied</u>, 490 U.S. 1009 (1989) (citation omitted).

Initially, we note that the trial court substantially limited the nature of the police officers' testimony about the recovery of the gun and also gave both a cautionary instruction and later instructed the jury limiting the use of this evidence.[2] The trial court cautioned the jury, both in the charge to the jury and in written jury instructions that "[y]ou may consider evidence that the Defendant may have committed an offense other than the offense for which he is on trial only in connection with the offense for which he is on trial and for no other purpose" and "[e]vidence that the defendant may have committed a similar crime at a later date is not proof that he possessed a weapon on July 25, 1999." The jury is presumed to follow the trial court's instructions. See <u>Burley v. Commonwealth</u>, 29 Va. App. 140, 147, 510 S.E.2d 265, 269 (1999).

We find our earlier analysis in <u>Bullock v. Commonwealth</u>, 27 Va. App. 255, 498 S.E.2d 433 (1998), to be applicable to the instant case. In <u>Bullock</u>, we held that evidence of an earlier robbery using the same gun at issue was admissible in a later trial. The victim in the first robbery testified that the shotgun recovered by the police "look[ed] identical" and it was

_____

[2] While appellant objects to the wording of the cautionary instruction on brief, he both requested it and agreed to the language used by the trial court and is barred from now raising it on appeal. See Rule 5A:18.

-

admitted as evidence to establish that the weapon was used during the first robbery.

Here, Sizer identified the seized weapon, Commonwealth's Exhibit 2, as "the same gun" appellant possessed on July 25, 1999. The requisite "logical . . . connection between" appellant's subsequent possession of the weapon and the crime charged was highly probative and, with the limiting instructions, outweighed any incidental prejudice. See id. at 261, 498 S.E.2d at 436. Thus, we find no abuse of discretion in the trial court's admission of this evidence.

IV.

Lastly, appellant contends that Sizer's testimony was insufficient to prove appellant possessed a firearm on July 25, 1999. We disagree.

"The credibility of witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters solely within the province of the fact finder." Carter, 38 Va. App. at 119, 562 S.E.2d at 332 (citation omitted).

"[W]e must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

The fact finder believed Sizer and disbelieved appellant's version of events. Sizer identified Commonwealth's Exhibit 2 as

-

the gun appellant, a convicted felon, possessed in his car on July 25, 1999.  Credible evidence supports the jury's verdict in this case.

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>

-