COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


DONTAE RASHAWN PARKS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2780-02-1            JUDGE ROBERT J. HUMPHREYS
                                           JULY 8, 2003
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Edward L. Hubbard, Judge

            Willard M. Robinson, Jr. for appellant.

            Michael T. Judge, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Dontae R. Parks appeals his sentence for a conviction of

possession of a firearm by a convicted felon, in violation of

Code § 18.2-308.2.  Parks contends that the trial court erred in

finding that his prior juvenile adjudication for a felony,

listed as a violent felony in Code § 17.1-805, constituted the

necessary predicate for issuance of the mandatory five-year

sentence provision, contained in Code § 18.2-308.2.  For the

reasons that follow, we affirm the judgment of the trial court.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

In accordance with settled principles of appellate review, we state the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below. Burns v. Commonwealth, 261 Va. 307, 313, 541 S.E.2d 872, 877 (2001).

On June 3, 2002, Parks was tried in circuit court on an indictment alleging a violation of Code § 18.2-308.2.[1]  During his jury trial on this charge, Parks stipulated that he "did have the gun in his possession on July 11, the gun did fire on July 11, and [the] gun [was] an object which is designed to propel a bullet through the use of gunpowder."  During its case-in-chief, the Commonwealth introduced a certified order proving that on a prior occasion, on June 26, 2000, when Parks was fourteen, the Newport News Circuit Court found him guilty upon a petition charging him with possessing a firearm after conviction of a felony in violation of Code § 18.2-308.2.

The jury ultimately found Parks guilty.  Over Parks' objection, the trial judge sentenced Parks to the five-year mandatory term of imprisonment for violations of Code § 18.2-308.2.

On appeal, Parks disputes only the propriety of the sentence.  He contends the trial court erred in finding that his prior determination of guilt, on a juvenile petition alleging a

---

[1] Parks was 17 years of age at the time the activity alleged in the indictment occurred.

violent felony, was sufficient to trigger the mandatory sentencing provision of Code § 18.2-308.2. We disagree.

Code § 18.2-308.2 provides as follows, in relevant part:

> A. It shall be unlawful for (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult . . . to knowingly and intentionally possess or transport any firearm . . . . Any person who violates this section shall be guilty of a Class 6 felony. However, any person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of a violent felony as defined in § 17.1-805 shall not be eligible for probation, and shall be sentenced to a minimum, mandatory term of imprisonment of five years. . . .

(Emphasis added). Code § 17.1–805(B) defines "previous convictions" as "prior adult convictions <u>and</u> juvenile convictions <u>and</u> adjudications of delinquency based on an offense which would have been at the time of conviction a felony if committed by an adult under the laws of any state, the District of Columbia, the United States or its territories." (Emphasis added). Code § 17.1–805(C) states that a violent felony includes "any felony violation of §§ 18.2–308.1 and 18.2–308.2."

Our decision in Carter v. Commonwealth, 38 Va. App. 116, 562 S.E.2d 331 (2002), controls the disposition of this case. In Carter, the defendant was similarly charged with violating

Code § 18.2-308.2.  During Carter's trial on the indictment, the

Commonwealth introduced

> a copy of an order entered in the Virginia
> Beach Juvenile and Domestic Relations
> District Court on September 7, 1995, which
> memorialized a finding of "guilty" of
> "Assault by Mob," a violation of Code
> § 18.2-41, a "violent felony" pursuant to
> Code § 17.1-805.  Attendant records, also in
> evidence, established [Carter] was fifteen
> years old at the time of such offense.

Id. at 121, 562 S.E.2d at 333.  After conviction, Carter argued

"that the mandatory sentencing provision of Code

§ 18.2-308.2 . . . was applicable only to an accused 'previously

convicted of a violent felony,' not 'a [prior] juvenile

adjudication.'"  Id. at 121, 562 S.E.2d at 333-34.  "The trial

judge disagreed and sentenced defendant to the mandatory term of

five years imprisonment for the offense."  Id. at 121, 562

S.E.2d at 334.

On appeal, we explained that Code § 18.2-308.2 is

> intended to "'prevent[] a person, who is
> known to have committed a serious crime in
> the past, from becoming dangerously armed,
> regardless of whether that person uses,
> displays, or conceals the firearm.'"  Thomas
> v. Commonwealth, 37 Va. App. 748, 754, 561
> S.E.2d 56, 59 (2002) (citation omitted).
> "Any person" convicted of the offense is
> subject to punishment as a Class 6 felony.
> However, to assure additional public
> protection from "dangerously armed" felons
> with a demonstrated propensity for violence,
> the legislature mandated incarceration for

- 4 -

> "any person . . . previously convicted" of a "violent [predicate] felony."  Code § 18.2-308.2(A) (emphases added).

Id. at 124, 562 S.E.2d at 335 (alteration in original).

> Here, in fashioning a statute to protect the public from the threat of dangerously armed felons, the legislature expressly included within the statutory proscription all persons previously "found guilty," while juveniles, of a "delinquent act," deemed felonious.  Subsequent reference in Code § 18.2-308.2(A) to "conviction or adjudication" simply recognizes terms that sometimes differentiate determinations of guilt in juvenile and adult prosecutions. Thus, the inclusive language, "any person," which appears in the punishment provisions of the statute, clearly embraces anyone found in violation of the prohibition. Contrary to defendant's argument, the statutory language promotes inclusion, not exclusion.  A different interpretation would exempt dangerous felons, with demonstrated violent propensities, from a mandated punishment intended to enhance public protection, a narrow and illogical construction at odds with legislative intent.

Id. at 125, 562 S.E.2d at 335.

Parks makes no reference to Carter in his brief on appeal.

Instead, he relies upon Code § 19.2-217, which states that:

> no person shall be put upon trial for any felony, unless an indictment or presentment shall have first been found or made by a grand jury in a court of competent jurisdiction or unless such person, by writing signed by such person before the court having jurisdiction to try such felony or before the judge of such court shall have waived such indictment or presentment, in which event he may be tried on a warrant or information.  If the accused be in custody, or has been recognized or summoned to answer

- 5 -

> such information, presentment or indictment,
> no other process shall be necessary; but the
> court may, in its discretion, issue process
> to compel the appearance of the accused.

Thus, Parks argues that he could not be considered as having been "convicted of a violent felony" for purposes of sentencing pursuant to Code § 18.2-308.2, because he was tried in the earlier proceeding on a juvenile petition, not "an indictment."

As set forth in <u>Carter</u>, we have implicitly rejected this argument. Indeed, Code § 19.2-217 addresses whether or not an individual may be properly tried for a felony. It does not address whether juvenile adjudications, which would have constituted felonies had the juvenile been tried as an adult, may be treated as felony convictions for the sole purpose of sentencing. Moreover, as we stated in <u>Carter</u>,

> treatment of juvenile "adjudications" as
> convictions for purposes of sentencing
> considerations comports with [many] statutes
> that address the issue. <u>See</u>, <u>e.g.</u> Code
> § 17.1-805(B)(1) ("For purposes of
> [sentencing guidelines], previous
> convictions shall include prior adult
> convictions and juvenile convictions and
> adjudications of delinquency based on an
> offense which would have been at the time of
> conviction a felony if committed by an
> adult . . . ."); Code § 19.2-295.1 (stating
> that for purposes of sentencing,
> "defendant's <u>prior criminal convictions</u>
> . . . include[] adult convictions and
> juvenile convictions and adjudications of
> delinquency" (emphasis added)).

<u>Carter</u>, 38 Va. App. at 125-26, 562 S.E.2d at 335-36.

Accordingly, we find no merit in Parks' contention that the trial court erred in considering his prior juvenile adjudication, for an offense that would have been a violent felony were he tried as an adult, as a basis for establishing the necessary predicate to support the issuance and imposition of the mandatory five-year sentence required by Code § 18.2-308.2.  Therefore, we affirm the trial court's judgment.[2]

Affirmed.

---

[2] In his brief on appeal, Parks "incorporates the written motions and arguments that are attached as an appendix."  We do not address the merits of any such arguments on appeal.  Our rules of procedure require parties to state "the principles of law, the argument, and the authorities" in support of those arguments, in their briefs on appeal.  See Rule 5A:20(e).  "We do not deem it our function to comb through the record . . . in order to ferret-out for ourselves the validity of [the parties'] claims . . . ."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988).