COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


SAMUEL ALVARO PEREZ
                                           MEMORANDUM OPINION[*] BY
v.        Record No. 1431-05-4            JUDGE ROBERT J. HUMPHREYS
                                               OCTOBER 3, 2006
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                         John F. Daffron, Jr., Judge Designate

              Paul L. Mickelsen (David Bernhard; Bernhard & Gardner, on brief),
              for appellant.

              Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
              Attorney General, on brief), for appellee.


        Appellant Samuel Alvaro Perez ("Perez") appeals his convictions, following a jury trial,

for possession of a firearm after having been convicted of a felony, in violation of Code

§ 18.2-308.2(A), and carrying a concealed weapon after having been convicted of a felony, in

violation of the same statute.  On appeal, Perez argues—and the Commonwealth concedes—that

his convictions, both of which were predicated on the same act, violate the Double Jeopardy

Clause of the Fifth Amendment.  Perez further contends that the undated order reflecting his

predicate juvenile adjudication was insufficient to establish the fact of his prior felony

conviction.  For the reasons that follow, we affirm in part, reverse in part, and remand.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

ANALYSIS

On appeal, Perez raises two separate assignments of error. First, Perez contends that his conviction of both carrying a concealed weapon after having been convicted of a violent felony and possessing a firearm after having been convicted of a violent felony violates the Double Jeopardy Clause of the Fifth Amendment. Perez also argues that the evidence was insufficient to support his convictions, reasoning that the undated order from the Fairfax County Juvenile and Domestic Relations District Court is insufficient to establish the fact of his prior felony conviction. Because the Commonwealth concedes that the dual convictions violate the Double Jeopardy Clause, we reverse and remand this case to the trial court and direct that it modify its sentencing order accordingly. However, because the evidence was sufficient to establish the fact of Perez's prior felony conviction, we affirm his remaining conviction.

A. Double Jeopardy

In his first assignment of error, Perez contends that the trial court erred in "imposing unauthorized multiple punishments for the same offense," specifically, "being a felon in possession of a firearm and being a felon in possession of a weapon hidden from common observation." On brief, the Commonwealth concedes that, "in sentencing Perez to two five year terms for the same conduct, in violation of the same subsection, the court went beyond that which was intended by the legislature, thereby subjecting him to double jeopardy." Accordingly, we need not reach the merits of this assignment of error, and we reverse and remand this case to the trial court so that it may vacate one of Perez's two convictions and modify its sentencing order accordingly.

B. Sufficiency of the Evidence

Perez also argues that the evidence is insufficient to support his remaining conviction, reasoning that the undated order from the Fairfax County Juvenile and Domestic Relations

District Court is not enough, standing alone, to prove that his felony conviction occurred before September 14, 2004. We disagree.

When the sufficiency of the evidence is challenged on appeal, the judgment of the trial court "is presumed correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680). Also, "[g]reat deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988).

Code § 18.2-308.2(A) prohibits "any person under the age of 29 who was adjudicated delinquent as a juvenile 14 years of age or older . . . of a delinquent act which would be a felony if committed by an adult" from either "knowingly and intentionally possess[ing] or transport[ing] any firearm," or "knowingly and intentionally carry[ing] [a firearm] about his person, hidden from common observation . . . ." On appeal, Perez does not argue that the evidence was insufficient to establish that he "knowingly and intentionally possess[ed] or transport[ed] any firearm," Code § 18.2-308.2, focusing instead on the sufficiency of the evidence to establish that he had previously been convicted "of a delinquent act which would be a felony if committed by an adult." Id. Citing Palmer v. Commonwealth, 269 Va. 203, 609 S.E.2d 308 (2005), Perez reasons that the order from the Fairfax County Juvenile and Domestic Relations District Court fails to prove the fact of his prior felony conviction because the order—which is undated—does not conclusively indicate that it "was entered prior to the date of the incident in the present matter." For the reasons that follow, we disagree.

The two petitions from the Woodbridge Juvenile and Domestic Relations District Court indicate that Perez was fifteen at the time of the charged offenses. Also, the order from the Fairfax County Juvenile and Domestic Relations District Court, although not dated, clearly

indicates both that it involves a felony conviction for a juvenile ("the child") and that "the child" was remanded to the Department of Juvenile Justice following that conviction.

It is undisputed, however, that Perez was eighteen years of age when the loaded revolver was found in his car. Had the juvenile conviction occurred *after* the date of the present offense, Perez—by then an adult—would not have been remanded to the Department of Juvenile Justice. Rather, by statute, he would have been remanded to the Department of Corrections. See Code § 16.1-287.7 ("Only a *juvenile* who is adjudicated as a delinquent and is eleven years of age or older may be committed to the Department of Juvenile Justice." (emphasis added)). It follows that the jury could have inferred—beyond a reasonable doubt—that the juvenile felony convictions occurred prior to the date of the instant offense. See generally Carter v. Commonwealth, 38 Va. App. 116, 121, 562 S.E.2d 331, 333 (2002) (affirming conviction for possession of a firearm after having been convicted of a crime that would have been a felony if committed by an adult, reasoning that a juvenile adjudication "which memorialized a finding of 'guilty' of 'Assault by Mob,'" in conjunction with "[a]ttendant records . . . establish[ing] defendant was fifteen years old at the time of such offense," were sufficient to support his conviction).

Because the evidence is therefore sufficient to prove that the order was entered prior to the date of the incident in the present matter, and thus sufficient to support his conviction, we affirm the judgment below.

CONCLUSION

For these reasons, we reverse one of Perez's two convictions for possessing a firearm after having been convicted of a felony, dismiss one of the underlying indictments, affirm his remaining conviction, and remand this matter to the trial court for resentencing.

<u>Affirmed in part, reversed and dismissed in part, and remanded.</u>