COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


BRANDEN SHAWNE GHEE, S/K/A
  BRANDON GHEE

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1565-05-2                  JUDGE JOHANNA L. FITZPATRICK
                                                             OCTOBER 24, 2006

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Frederick G. Rockwell, III, Judge

            Gregory P. Sheldon (Ken Lammers, Jr., on brief), for appellant.

            Michael T. Judge, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Branden Shawne Ghee, appellant, appeals a conviction for possession of a firearm after

having been found guilty of an offense which would be a felony if committed by an adult when he

was fourteen years of age or older in violation of Code § 18.2-308.2. On appeal, he contends (1) the

evidence was insufficient to prove his juvenile adjudication was a prior conviction for the

purposes of Code § 18.2-308.2; and (2) the trial court erred by sentencing him pursuant to the

mandatory punishment provision of Code § 18.2-308.2 because the provision applies to

convictions, not juvenile adjudications. For the reasons that follow, we affirm the conviction.

                                        Background

        "Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom." Slade v. Commonwealth, 43 Va. App. 61, 64, 596 S.E.2d 90, 92 (2004).

        _____

            [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On January 6, 2005, appellant was a passenger in a car stopped by Officer Edwardo Martinez. Appellant admitted that a shotgun found in the vehicle belonged to him, and he was charged with a violation of Code § 18.2-308.2. Martinez testified that at the time of the stop, he ran a "criminal history" on appellant that "came back that [appellant] was a convicted felon."

The trial court admitted into evidence Commonwealth's Exhibit 2, which contained several documents related to an offense committed by appellant on May 23, 2003. The first document was a petition from the Chesterfield Juvenile and Domestic Relations District Court, dated June 11, 2003, charging that on May 23, 2003, appellant "unlawfully and feloniously assault[ed] and batter[ed]" an officer in violation of Code § 18.2-57(C). Attached to Exhibit 2 was an adjudication order dated October 9, 2003, which showed appellant pled guilty to charge "(12) A&B/Policeman" and was found guilty of that offense. A disposition order dated March 9, 2004, referenced charge "(12) A&B" and stated that appellant was sentenced to serve six months in jail, with all but three weekends of the time suspended. The order also noted that appellant was eighteen years old at the time of sentencing.

Appellant offered into evidence a disposition notice dated March 9, 2004. This notice referenced an offense date of May 23, 2003, Case No. JJ03733-12-00, and identified the charge as "A&B/Police Officer," citing Code § 18.2-57(C). This document also indicated the offense was a felony.

As rebuttal evidence, the Commonwealth called Duncan Minton, Assistant Commonwealth's Attorney, to testify concerning appellant's charge of assault and battery of a police officer. Minton testified that he prosecuted appellant on this charge of assault and battery on a police officer in the juvenile and domestic relations district court. Minton stated that appellant pled guilty to "the felony charge of assault on a police officer." Minton testified that he was at the disposition hearing and his notes did not reflect any change in the charge from a

felony to a misdemeanor. Additionally, the supervisor of juvenile probation testified that appellant's file did not contain any notation that the felony charge for assault and battery of a police officer was changed or reduced.

Appellant made a motion to strike the charge on the ground that the Commonwealth failed to prove he was a felon within the meaning of Code § 18.2-308.2 because the disposition order reflected only a charge of "assault and battery" without indicating that the charge was a felony. The trial court overruled the motion to strike.

Analysis

I.

"When the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005) (citations omitted). Appellant relies on Palmer to support his argument. In Palmer, the Court held, "the Commonwealth did not present sufficient evidence in the circuit court to establish that Palmer previously had been convicted of a delinquent act that would have been a felony if committed by an adult." Id. at 208, 609 S.E.2d at 310. In Palmer, the evidence consisted of four petitions and four accompanying dispositional orders from the juvenile and domestic relations district court. "Two of the petitions alleged that Palmer committed the delinquent act of grand larceny, in violation of Code § 18.2-95. The other two petitions alleged that Palmer committed the delinquent act of burglary with the intent to commit larceny, in violation of Code § 18.2-91." Id. at 205, 609 S.E.2d at 309. No evidence was presented other than the juvenile court orders.

Palmer is clearly distinguishable from the instant case. Here, several documents were admitted into evidence, which when read together, show the nature of the delinquent act for which appellant was sentenced. The documents reflect that appellant pled guilty to a felony

charge of violating Code § 18.2-57(C), was found guilty of the charge, and was sentenced for this offense, which would have been a felony if committed by an adult.

Appellant focuses only on the disposition order. He argues that because the disposition order references "A&B," which could possibly designate a misdemeanor charge, the evidence failed to show appellant had committed an offense that would be a felony if committed by an adult. However, the complete reference to the charge in the disposition order is "(12) A&B." The adjudication order cited a charge "(12) A&B/Policeman," and the disposition notice cited a Case No. JJ003733-12-00, identifying the charge as "A&B/Police Officer," and stating this was a violation of Code § 18.2-57(C), a felony. These documents, when read together, indicate that the charge referenced in the disposition order, "(12) A&B," was a reference to appellant's Case No. JJ003733-12-00, a charge for a violation of Code § 18.2-57(C).

The underlying petition charged that appellant "unlawfully and *feloniously* assault[ed] and batter[ed]" an officer in violation of Code § 18.2-57(C). (Emphasis added). A violation of Code § 18.2-57(C) is an offense which would be a felony if committed by an adult.[1] Furthermore, the Commonwealth introduced evidence from both the assistant Commonwealth's attorney who prosecuted the case and the supervisor of juvenile probation who testified that appellant's charge for a violation of Code § 18.2-57(C) was never reduced from a felony.

A "prior conviction may be proved by any competent evidence." McBride v. Commonwealth, 24 Va. App. 30, 34, 480 S.E.2d 126, 128 (1997). From the evidence presented, the jury could conclude beyond a reasonable doubt that appellant had been found guilty of an offense which would be a felony if committed by an adult when he was fourteen years of age or older. It is in the "province of the jury to determine what inferences are to be drawn from proved

---

[1] Code § 18.2-57(C) provides in pertinent part: "[I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . such person is guilty of a Class 6 felony . . . ."

facts, provided the inferences are reasonably related to those facts." Inge v. Commonwealth, 217

Va. 360, 366, 228 S.E.2d 563, 568 (1976). Accordingly, the evidence was sufficient to establish

that appellant violated Code § 18.2-308.2.

II.

Appellant next argues the trial court erred by sentencing him pursuant to the mandatory

punishment provision of Code § 18.2-308.2 because it does not apply to adjudications of

delinquency.[2]

Our decision in Carter v. Commonwealth, 38 Va. App. 116, 562 S.E.2d 331 (2002),

controls the disposition of this issue. In Carter, the defendant argued the mandatory sentencing

provision of Code § 18.2-308.2 was not implicated by a prior "juvenile adjudication." Carter, 38

Va. App. at 123, 562 S.E.2d at 334. However, we held:

> [I]n fashioning a statute to protect the public from the threat of
> dangerously armed felons, the legislature expressly included within
> the statutory proscription all persons previously "found guilty,"
> while juveniles, of a "delinquent act," deemed felonious.
> Subsequent reference in Code § 18.2-308.2(A) to "conviction or
> adjudication" simply recognizes terms that sometimes differentiate
> determinations of guilt in juvenile and adult prosecutions. Thus,

---

[2] The applicable provisions of Code § 18.2-308.2 state:

> A. It shall be unlawful for (i) any person who has been convicted
> of a felony; (ii) any person adjudicated delinquent, on or after July
> 1, 2005, as a juvenile 14 years of age or older at the time of the
> offense of murder in violation of § 18.2-31 or 18.2-32, kidnapping
> in violation of § 18.2-47, robbery by the threat or presentation of
> firearms in violation of § 18.2-58, or rape in violation of
> § 18.2-61; or (iii) any person under the age of 29 who was
> adjudicated delinquent as a juvenile 14 years of age or older at the
> time of the offense of a delinquent act which would be a felony if
> committed by an adult . . . to knowingly and intentionally possess
> or transport any firearm . . . . Any person who violates this section
> by knowingly and intentionally possessing . . . any firearm and
> who was previously convicted of any other felony within the prior
> 10 years shall be sentenced to a mandatory minimum term of
> imprisonment of two years.

the inclusive language, "any person," which appears in the punishment provisions of the statute, clearly embraces anyone found in violation of the prohibition. Contrary to defendant's argument, the statutory language promotes inclusion, not exclusion.

Id. at 125, 562 S.E.2d at 335 (footnote omitted).

The Court also noted that its holding comports with the legislature's use of the term "conviction" in other statutes.

[T]reatment of juvenile "adjudications" as convictions for purposes of sentencing considerations comports with [many] statutes that address the issue. See, e.g. Code § 17.1-805(B)(1) ("For purposes of [sentencing guidelines], previous convictions shall include prior adult convictions and juvenile convictions and adjudications of delinquency based on an offense which would have been at the time of conviction a felony if committed by an adult . . . ."); Code § 19.2-295.1 (stating that for purposes of sentencing, "defendant's *prior criminal convictions* . . . include[ ] adult convictions and juvenile convictions and adjudications of delinquency" (emphasis added)).

Id. at 125-26, 562 S.E.2d at 335-36.

The General Assembly has not rejected or modified this interpretation of Code § 18.2-308.2. "'Under these circumstances, the construction given to the statute is presumed to be sanctioned by the legislature and therefore becomes obligatory upon the courts.'" Cochran v. Commonwealth, 258 Va. 604, 607, 521 S.E.2d 287, 289 (1999) (quoting Vansant and Gusler, Inc. v. Washington, 245 Va. 356, 361, 429 S.E.2d 31, 33-34 (1993)). Therefore, appellant's argument is without merit.

Accordingly, we affirm appellant's conviction and mandatory punishment imposed in accord with Code § 18.2-308.2.

Affirmed.