## Richmond

VINCENT LEE MCKINLEY v. COMMONWEALTH OF VIRGINIA.

June 11, 1976.

Record No. 750715.

Present, All the Justices.

*Edwin J. Elmore, Jr.*, for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

The defendant, Vincent Lee McKinley, was indicted in the court below for abduction in violation of § 18.1-36 of the Code of Virginia of 1950, as amended. He was convicted by a jury of abduction "with intent to defile"; his punishment was fixed at confinement in the penitentiary for a period of fifteen years; and he was sentenced accordingly by the trial court. McKinley has appealed upon the ground that the court erred in failing to grant his motion to quash the indictment on which he was tried.

The indictment charged that the defendant, on March 21, 1974, "unlawfully and feloniously, by force and intimidation and without legal justification or excuse, did seize and abduct the person of [victim's name], in violation of Section 18.1-36 of the Code of Virginia of 1950, as amended".

The verdict of the jury was:

"We the jury find the defendant McKinley guilty of abduction of [victim's name] as set forth in the indictment with intent to defile her and fix his punishment at fifteen years confinement in the penitentiary."

Code § 18.1-36, then in effect, provided, in pertinent part, as follows:

"Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of 'abduction'; . . . ."

Code § 18.1-37 then provided that:

"Abduction for which no punishment is otherwise prescribed shall be punished by confinement in the penitentiary for not less than one year nor more than twenty years, or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for not more than twelve months or a fine of not more than one thousand dollars, either or both; . . . ."

The succeeding section, § 18.1-38, then provided that:

"Abduction with the intent to extort money, or pecuniary benefit, abduction of any person with intent to defile such person, and abduction of any female under sixteen years of age for the purpose of

concubinage or prostitution shall be punished with death, or by confinement in the penitentiary for life or any term not less than three years. . . ."

The record shows that following the defendant's arraignment and the entry of his plea of not guilty, his counsel moved "to quash the indictment on the charge of abduction", upon the ground "that it does not sufficiently state a charge to inform the man what he's accused of, to enable him to prepare a proper defense". However, counsel for the defendant then represented to the court that he knew the Commonwealth was going to endeavor to introduce evidence to show that the abduction was with the intent to defile. He argued that it would be prejudicial to his client for any evidence to be introduced showing what occurred after the alleged abduction.

In brief, defendant's claim is that the indictment should have alleged that the abduction occurred with the intent to defile if the Commonwealth intended to introduce evidence as to such intent and to seek to have the defendant punished under then Code § 18.1-38. The position of the Commonwealth is that abduction was made a crime by Code § 18.1-36, and that the punishment for the crime was provided by Code §§ 18.1-37 and 18.1-38. The Commonwealth's Attorney argued that the offense was "defined quite aptly and well in § 18.1-36, that the applicable Code Sections for punishment are a matter of proof rather than allegation". The trial court agreed, holding that the crime of abduction was properly charged under the provisions of Code § 18.1-36 and that punishment could be fixed under either of the two code sections that followed, depending upon the evidence.

We agree that the refusal by the trial court to quash the indictment was correct. The indictment, although not drawn in the precise language of the statute, did charge the defendant with having feloniously seized and abducted his victim by force and intimidation and without legal justification or excuse *in violation of § 18.1-36.* This is sufficient to sustain a conviction of abduction "with the intent to deprive such other person of his personal liberty". However, the indictment does fail to charge abduction with intent to defile his victim. In 1974 the range of punishment for abduction with intent to deprive a person of his personal liberty varied from a fine to a maximum of twenty years confinement in the penitentiary. Abduction with intent to defile was punishable by death or by confinement in the penitentiary for life or any term of not less than three years.

The specific intent entertained by an accused is the distinguishing feature of the two offenses. A defendant could abduct with intent to deprive a victim of personal liberty, without having any intention of defiling that person. The statutes have recognized that abduction with intent to extort money, or pecuniary benefit, abduction of any person with intent to defile such person and abduction of a female under sixteen years of age for purposes of concubinage or prostitution, are more serious offenses than abduction with intent only to deprive one of personal liberty. Further, the defense to be interposed would necessarily vary with the specific offense a defendant was charged with committing.

In *Kincaid* v. *Commonwealth*, 200 Va. 341, 343, 105 S. E. 2d 846, 848 (1958), we said:

> "We have many times held that where an offense is punishable with a higher penalty, because it is a second or subsequent offense of the same kind, the more severe punishment cannot be inflicted unless the indictment charges that it is a second or subsequent offense. Under rules of criminal pleading the indictment must contain an averment of facts essential to the punishment to be inflicted. *Shiflett* v. *Commonwealth*, 114 Va. 876, 879, 77 S. E. 606; *Keeney* v. *Commonwealth*, 147 Va. 678, 685, 137 S. E. 478; *Commonwealth* v. *Ellett*, 174 Va. 403, 413, 4 S. E. 2d 762, 766. . . ."

Nevertheless, the indictment being facially sufficient to charge McKinley with the crime of abduction, the court properly overruled defendant's motion to quash. The Commonwealth's Attorney then introduced evidence to show that the abduction was with intent to defile and offered an instruction setting forth the punishment for that offense. We find no objection by the defendant on the ground of a variance between the allegations of the indictment and the evidence offered by the Commonwealth.

Defendant argued that the question had been raised in his motion to quash and that, in view of the ruling of the court on that motion, further objection by him would have been futile. However, the fact remains that defendant failed to object to the variance, and his only assignment of error was to the action of the court in failing to quash the indictment. No assignment was made as to variance, and we therefore cannot consider it upon appeal. Rules of Court, Rule 5:7.

*Affirmed.*