## Richmond

CHARLES EARL HALL

v.

COMMONWEALTH OF VIRGINIA

No. 0937-87-2

Decided July 5, 1989

COUNSEL

Brian L. Buniva (Roberts and Buniva, on brief), for appellant.

Richard A. Conway, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This is a criminal appeal of a conviction of using a "sawed-off" shotgun in the commission of a crime of violence, a Class 2 felony under Code § 18.2-300. Since the indictment only charged the defendant with the lesser included offense of the use of a sawed-off shotgun for a purpose other than the commission of a crime of violence, we conclude that the trial court improperly instructed the jury as to the greater offense.

Code § 18.2-300 defines two separate crimes. Subsection A states that "use of a 'sawed-off' shotgun in the perpetration . . . of a crime of violence is a Class 2 felony." Subsection B provides that "use of a 'sawed-off' shotgun for any other purpose . . . is a Class 4 felony." Since proof of the offense prescribed in subsection A necessarily includes proof of all of the elements of the offense described in subsection B, the latter offense is a necessarily included lesser offense of the subsection A offense.

The defendant was indicted for the use of a "sawed-off shotgun" in the commission of a "crime against the peace and dignity of the Commonwealth of Virginia § 18.2-300." Over the defendant's timely objection, the trial court instructed the jury that the defendant was charged with using a "sawed-off" shotgun in the commission of a crime "of violence."

The wording of the indictment contained the essential elements of the Class 4 felony, namely, (1) use and possession (2) of a "sawed-off" shotgun (3) in the commission of a crime. However, the jury was instructed concerning the essential elements of the Class 2 felony. Those elements include all the elements of the Class 4 felony in addition to the requirement that the crime committed be a crime "of violence." The jury was also instructed that the range of punishment was that of a Class 2, not a Class 4,

felony.

■ Where a statute contains more than one grade of an offense and each grade carries a different punishment the indictment must contain an assertion of the facts essential to the punishment sought to be imposed. *See McKinley v. Commonwealth*, 217 Va. 1, 4, 225 S.E.2d 352, 353-54 (1976). This rule stems from the basic guarantee that the accused is entitled to prepare adequately for his defense. *See Wilder v. Commonwealth*, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976).

The Commonwealth argues that the defendant had sufficient notice that he was charged with the more serious felony. It reasons that, by referring to the section of the code which defines the offense, the indictment sufficiently notified the defendant of the charge. This reasoning overlooks that both offenses, the Class 4 felony and the Class 2 felony, are described in the same code section, and the reference to that section was, therefore, ambiguous. The Commonwealth further contends that since the defendant also was charged with the offense of breaking and entering, a crime of violence, he should have known that he was being charged with the Class 2 felony. We disagree. The defendant cannot be expected to have assumed that he was charged with the greater of the two offenses unless it was expressly charged in the indictment.

In the instant case the defendant was indicted for a Class 4 felony. He was convicted of a Class 2 felony and sentenced to twenty years imprisonment, a sentence ten years longer than the maximum Class 4 sentence. Since the indictment did not allege all of the elements essential to the crime for which the defendant was in fact convicted, the conviction must be reversed and the proceedings remanded for a new trial.

*Reversed and remanded.*

Koontz, C.J., and Benton, J., concurred.