COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


ALBERT FERGUSON THOMAS
                                              OPINION BY
v.    Record No. 0706-01-1           JUDGE RICHARD S. BRAY
                                            MARCH 26, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Edward L. Hubbard, Judge

        Theophlise Twitty for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Randolph A. Beales, Attorney
        General, on brief), for appellee.


     Albert Ferguson Thomas (defendant) was convicted upon a plea

of guilty to possession of a firearm by a convicted felon in

violation of Code § 18.2-308.2.  The evidence disclosed defendant

had been previously convicted of burglary, a "violent felony"

pursuant to Code § 17.1-805,[1] and the trial court sentenced him

to the "minimum, mandatory term of imprisonment of five years"

in accordance with Code § 18.2-308.2(A).  On appeal, defendant

challenges the sufficiency of the indictment to support the

mandatory sentence, complaining the predicate "violent felony"

was "an essential element of the offense" not specifically

_____

     [1] The record also discloses a prior conviction for robbery,
and defendant challenges the designation of "common law robbery"
as a "violent felony."  However, because he does not dispute

charged in the indictment.  We disagree and affirm the conviction.

I.

The relevant procedural history is uncontroverted.  On November 20, 2000, defendant entered a plea of guilty to an indictment alleging, in pertinent part, that he, "[o]n or about the 1st day of March, 2000, feloniously did knowingly and intentionally possess a firearm, having been previously convicted of a felony, in violation of [Code] § 18.2-308.2."  By agreement, the Commonwealth proceeded by a "synopsis" of the evidence, which included, without objection, introduction of an order memorializing a prior conviction of defendant for burglary, a violation of Code § 18.2-92.  At the conclusion of the summary, the court inquired if defendant had "any questions or comments on the statement of facts" and, hearing no response, "accept[ed] [defendant's] plea of guilty" and found him guilty "as charged in the indictment."  Sentencing was delayed pending the preparation of a presentence report.

The "Presentence Investigative Report" and related "Sentencing Guidelines" reflected the prior burglary conviction, a "violent felony" that triggered a "Sentencing Guidelines Recommendation[]" of incarceration for five years, the "MANDATORY MINIMUM" prescribed by Code 18.2-308.2(A).  Defendant

---

such classification of burglary, we decline to address the robbery issue.

-

objected to the recommendation, complaining the indictment did not specifically allege the existence of a previous "violent felony" conviction as an element of the offense necessary to trigger the "minimum, mandatory" sentence. The trial court concluded the indictment was sufficient and sentenced defendant to five years imprisonment, the statutorily mandated minimum.

                                    II.

Code § 18.2-308.2 provides, in pertinent part:

> A. It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any (a) firearm . . . . Any person who violates this section shall be guilty of a Class 6 felony. However, any person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was <u>previously convicted of a violent felony as defined in § 17.1-805 shall not be eligible for probation, and shall be sentenced to a minimum, mandatory term of imprisonment of five years.</u>[2] . . . The minimum, mandatory terms of imprisonment prescribed for violations of this section shall not be suspended in whole or in part and shall be served consecutively with any other sentence. . . .

---

[2] Code § 18.2-308.2 further provides, "[a]ny person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of <u>any other felony</u> shall not be eligible for probation, and shall be sentenced to a minimum, mandatory term of imprisonment of two years." (Emphasis added). Defendant does not dispute the sufficiency of the indictment to support this lesser mandatory minimum sentence.

Felons in possession of other weapons also proscribed by Code § 18.2-308.2 are not subject to the minimum, mandatory terms of imprisonment applicable to firearms but, rather, the sentencing range of a Class 6 felony.

(Emphasis added).  Defendant contends the "violent felony" sentencing component to Code § 18.2-308.2(A) creates a "grade of the offense," thereby adding an "essential element" to the crime that must be charged in the indictment.  Otherwise, he reasons, an accused is subjected to a mandated "enhanced punishment" without proper notice of the necessary predicate.  In response, the Commonwealth characterizes the obligatory punishment as a sentencing issue, distinct from the underlying offense and its elements.

"[T]he function of an indictment . . . is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser."  Morris v. Commonwealth, 33 Va. App. 664, 668, 536 S.E.2d 458, 460 (2000).  See U.S. Const. amend. VI; Va. Const. art. 1, § 8; Wilder v. Commonwealth, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976).  Accordingly, Code § 19.2-220 provides, inter alia, that

> [t]he indictment or information shall be a plain, concise and definite written statement . . . describing the offense charged. . . .  In describing the offense, . . . the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

(Emphases added).

Complementing Code § 19.2-220, Rule 3A:6(a) directs "[t]he indictment . . . cite the statute or ordinance that defines the

-

offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense." Considered together, "[t]he inference to be drawn from the provisions of Code § 19.2-220 and Rule 3A:6(a) is clearly that incorporation by . . . reference" of the statute cited in the indictment "is contemplated by the Rule." Reed v. Commonwealth, 3 Va. App. 665, 667, 353 S.E.2d 166, 167 (1987) (citation omitted).

Accordingly, although an indictment need not recite the penalty for the alleged offense, "when a statute contains more than one grade of offense carrying different punishments, 'the indictment must contain an assertion of the facts essential to the punishment sought to be imposed.'" Sloan v. Commonwealth, 35 Va. App. 240, 246-47, 544 S.E.2d 375, 378 (2001) (quoting Moore v. Commonwealth, 27 Va. App. 192, 198, 497 S.E.2d 908, 910 (1998)) (emphasis added); see also McKinley v. Commonwealth, 217 Va. 1, 4, 225 S.E.2d 352, 353-54 (1976). Hence, "grade[s]" of offenses "described in the same Code section," "each carr[ying] a different punishment," are not properly charged by an indictment that only generally references conduct criminalized by specific gradation. Hall v. Commonwealth, 8 Va. App. 350, 352, 381 S.E.2d 512, 513 (1989).

"When considering on appeal whether an indictment charged a particular offense, we limit our scrutiny to the face of the document." Moore, 27 Va. App. at 198, 497 S.E.2d at 910. Viewed accordingly, the indictment in issue clearly and

-

succinctly charged defendant with "knowingly and intentionally possess[ing] a firearm, having been previously convicted of a felony in violation of [Code] § 18.2-308.2."  Such language substantially mirrored Code § 18.2-308.2(A) and included an express reference to the statute, thereby comporting with both Code § 19.2-220 and Rule 3A:6(a).  While Code § 18.2-308.2 is comprised of three subsections, enumerated "A," "B," and "C," only subsection "A" outlaws conduct and prescribes related penalties.  Defendant, nevertheless, insists the mandatory minimum penalty provisions of Code § 18.2-308.2(A) create gradations of the primary offense, possession of a firearm by a convicted felon, which necessitates allegations in the indictment specific to the crime charged.[3]

Defendant's argument, however, is belied by Code § 18.2-308.2(A), a statute intended to "prevent[] a person, who is known to have committed a serious crime in the past, from becoming dangerously armed, regardless of whether that person uses, displays, or conceals the firearm."  Jones v. Commonwealth, 16 Va. App. 354, 358, 429 S.E.2d 615, 617, aff'd

---

[3] At trial, defendant concurred in the trial court's reasoning that Code § 18.2-308.2 was not a "recidivist" statute but, rather, "a statute defining a new offense based on the fact . . . somebody was previously convicted of a felony."  Thus, those principles peculiar to recidivist offenses are not in issue.  See, e.g., Ansell v. Commonwealth, 219 Va. 759, 250 S.E.2d 760 (1979); Patterson v. Commonwealth, 17 Va. App. 644, 440 S.E.2d 412 (1994); Stubblefield v. Commonwealth, 10 Va. App. 343, 392 S.E.2d 197 (1990).

-

on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).  See

also Armstrong v. Commonwealth, 36 Va. App. 312, 318, 549 S.E.2d

641, 644 (2001) (en banc).  The proscribed conduct, together

with the attendant elements, is clearly defined in the initial

sentence of the statute and punishable as "a Class 6 felony."

Consistent with the intendment of the enactment, an accused

having been previously convicted of a "violent felony" is

subject to a period of mandatory incarceration, a sentence

within the range of a Class 6 felony but beyond trial court

discretion.  Contrary to defendant's contention, such disparate

penalties do not spawn gradations of the offense.  The crime is

not defined by the penalty.  Cf. Apprendi v. New Jersey, 530

U.S. 466 (2000); McMillan v. Pennsylvania, 477 U.S. 79 (1986).

The punishment/gradation dichotomy is made more apparent

when the unitary prohibition of Code § 18.2-308.2(A) is

contrasted with gradation statutes examined in McKinley, Hall,

and Moore.  In McKinley, the accused was before the court on an

indictment alleging abduction in violation of a specified

statute, an offense punishable in accordance with a companion

provision.  McKinley, 217 Va. at 2, 225 S.E.2d at 353-54.

However, he was wrongfully convicted and sentenced for

"abduction with intent to defile," misconduct embraced by a

statute distinct from the offense at indictment.  Id. at 3-4,

225 S.E.2d at 353-54.  The defendant in Hall was indicted for

"the use of a sawed-off shotgun in the commission of a 'crime,'"

-

a Class 4 felony in violation of Code § 18.2-300(B), but improperly convicted of using such weapon "in the commission of a crime of violence," a Class 2 felony proscribed by Code § 18.2-300(A). Hall, 8 Va. App. at 351, 381 S.E.2d at 512-13. The appellant in Moore was erroneously sentenced for possession of "a firearm while simultaneously possessing with intent to distribute" certain controlled substances in violation of Code § 18.2-308.4(B), a "separate and distinct" felony from possession of a firearm while in possession of cocaine, conduct alleged in the indictment and proscribed by Code § 18.2-308.4(A). Moore, 27 Va. App. at 195-97, 497 S.E.2d at 909-10. In each instance, unlike Code § 18.2-308.2, the legislature criminalized discrete conduct, oftentimes aggravated by a "'gradation or nexus crime,'" but always differentiated both by elements and penalty. See Commonwealth v. Smith, 263 Va. 13, 18, 557 S.E.2d 223, 225 (2002).

Thus, defendant, before the trial court on an indictment that alleged conduct in violation of Code § 18.2-308.2 and in compliance with Code § 19.2-220 and Rule 3A:6(a), entered a plea of guilty to the specified offense. Inarguably aware of the previous felony that inculpated him and the attendant mandatory, minimum penalty implicated upon proof of such conviction, he subjected himself to punishment within the prescribed penalty range. Under such circumstances, the court correctly found

-

defendant violated Code § 18.2-308.2 and imposed the minimum punishment mandated by statute.[4]

Accordingly, we affirm both the conviction and related sentence.

<u>Affirmed.</u>

---

[4] Defendant made no motion for leave to withdraw his guilty plea pursuant to Code § 19.2-296.

-