COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Haley and Petty
Argued at Salem, Virginia


JUSTIN WILLIAM SWANSON

v.      Record No. 0232-07-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE D. ARTHUR KELSEY
AUGUST 26, 2008

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Glenn L. Berger (Berger & Thornhill, on brief), for appellant.

Karen Misbach, Senior Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted Justin William Swanson of various offenses, including attempted

malicious wounding in violation of Code § 18.2-51.1 and felony hit-and-run in violation of Code

§ 46.2-894. On appeal, Swanson argues that insufficient evidence supports his attempted

malicious wounding conviction. The felony hit-and-run conviction should also be overturned,

Swanson contends, because of a fatal variance between the indictment and the proof at trial.

Finding merit in neither argument, we affirm.

I.

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). Viewing the record

through this evidentiary prism requires us to "discard the evidence of the accused in conflict with

that of the Commonwealth, and regard as true all the credible evidence favorable to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

So viewed, the evidence in this case showed that State Trooper Scott Martin clocked Swanson traveling 80 miles an hour in a 55-mile-per-hour zone. Activating his emergency lights and siren, Trooper Martin signaled Swanson to stop his vehicle. Swanson ignored the signal and attempted to elude the trooper. Swanson went off the road, through a field, and then back onto another road. Trooper Martin continued on the same road and, when he was able to get ahead of Swanson, stopped his police cruiser across the road to block Swanson. Swanson veered onto the shoulder of the road and managed to get around the cruiser.

Trooper Martin continued to pursue Swanson at a high rate of speed. After swerving back and forth across both lanes of the two-lane highway, Swanson came to a complete stop. Trooper Martin stopped his police cruiser behind Swanson's pickup truck. Swanson then unexpectedly put his truck in reverse and rammed the cruiser. Trooper Martin testified that Swanson backed up at a "pretty fast rate of speed" and hit the cruiser with enough force to push the truck's rear bumper "up on top" of the hood of the cruiser. Swanson continued to accelerate his engine causing the tires to spin and smoke. The truck was prevented from crashing into the cruiser's windshield when the rear axle of the truck got caught on the cruiser's "push bumper."

Swanson freed his pickup truck from the hood of the police cruiser and drove away. Trooper Martin followed. Swanson then repeated his earlier maneuver. He came to a complete stop. When the trooper stopped behind him, Swanson put his vehicle in reverse and again rammed the front of the cruiser. After speeding away, Swanson did the same thing a third time: abruptly stopping his pickup truck, waiting for Trooper Martin to stop his cruiser, and then ramming the cruiser in reverse gear.

After Swanson's fourth attempt was unsuccessful, he sped away, with Trooper Martin in pursuit. Martin struck Swanson's pickup truck a couple times in an effort to disable it. When the truck came to a stop, Martin got out of his cruiser with his weapon drawn. Swanson then accelerated in reverse toward Martin. No contact was made, however, and Martin escaped injury. Martin fired his weapon in an effort to shoot out Swanson's tires, but Swanson again sped away. Martin returned to his cruiser and continued the chase. Swanson got away. Later that night, Swanson called police claiming his pickup truck had been stolen. The next day, he turned himself in to police admitting he had been the driver.

Among other charges, the grand jury returned indictments asserting that Swanson attempted to maliciously wound Trooper Martin and, in the process, committed felony hit-and-run. The hit-and-run indictment was entitled: "Indictment for Felony Hit/Run." It alleged that Swanson, on the date of his encounter with Trooper Martin, was "the driver of a motor vehicle involved in an accident in which a person was injured or damage to attended property, [and] did unlawfully and feloniously fail to immediately stop at the scene of the accident and provide information and assistance as required by Virginia Code Section 46.2-894."

Prior to trial, Swanson asked for and received a bill of particulars. With respect to the felony hit-and-run charge, the bill of particulars stated that "the defendant committed the offense of hit and run felony when he fled and successfully evaded the trooper after all of the contact between the vehicles ended." Swanson did not challenge the bill of particulars as insufficiently specific. Nor did he move to dismiss the felony hit-and-run indictment because of any facial insufficiency in its factual allegations.

At trial, Trooper Martin testified about the ramming incidents. The Commonwealth also presented evidence that the damage to Martin's vehicle exceeded $6,400. In his defense, Swanson presented the testimony of several character witnesses who testified Swanson had a

reputation for being law abiding as well as expert testimony of a psychologist who testified Swanson's distressed mental state caused him to go into an insane "blind panic." The Commonwealth responded in rebuttal with expert psychological testimony asserting that Swanson's conduct could not be blamed on any mental disorders.

At the close of the evidence, Swanson's counsel moved to strike the attempted malicious wounding charge on the ground that no evidence proved that Swanson intended to "maim, disfigure, disable or kill" Trooper Martin as required by Code § 18.2-51.1. The felony hit-and-run charge should also be dismissed, he argued, because of a fatal variance between the indictment and the proof at trial. The trial court denied the motions and submitted the case to the jury. The jury found Swanson guilty of, among other charges, attempted malicious wounding in violation of Code § 18.2-51.1 and felony hit-and-run in violation of Code § 46.2-894.

II.

On appeal, Swanson repeats the arguments made in the trial court. We find no merit in either assertion.

A. ATTEMPTED MALICIOUS WOUNDING — SUFFICIENCY OF THE EVIDENCE

When a jury decides the case, Code § 8.01-680 requires that "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003). "Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." United States v. Powell, 469 U.S. 57, 67 (1984).

It follows that a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307,

318-19 (1979) (emphasis in original and citation omitted).  Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original).  These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).[1]

Applying this standard of review, we hold that the evidence supports the rationality of the jury's finding that Swanson attempted to maliciously wound Trooper Martin.  A criminal attempt requires an intent to commit the crime coupled with a direct, though ineffectual, act towards its commission.  Coles v. Commonwealth, 270 Va. 585, 589, 621 S.E.2d 109, 111 (2005).  An elusive concept, intent is "formed in a person's mind and may be, and frequently is, shown by circumstances."  Holley v. Commonwealth, 44 Va. App. 228, 234, 604 S.E.2d 127, 130 (2004) (citation omitted) (affirming attempted malicious wounding conviction).  "Such intent may be inferred from the actor's conduct and the attendant circumstances."  4 Charles E. Torcia, Wharton's Criminal Law § 695, at 589-91 (15th ed. 1996).  To be sure, "in criminal attempt cases, 'the fact finder is often allowed broad latitude in determining the specific intent of the

---

[1] This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well."  Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003).  "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact."  Id. (citation omitted).  Thus, a jury may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

actor.'" Siquina v. Commonwealth, 28 Va. App. 694, 700, 508 S.E.2d 350, 353 (1998) (citation omitted); Wilson v. Greene, 155 F.3d 396, 406 (4th Cir. 1998).[2]

By repeatedly ramming his pickup truck into Trooper Martin's cruiser — particularly the time when Swanson backed up onto the cruiser's hood and was prevented from breaking through the cruiser's windshield only by the fortuity of the pickup's axle getting caught on the cruiser's push bumper — Swanson engaged in conduct from which the jury could infer beyond a reasonable doubt that he intended to maliciously wound Trooper Martin. "A motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife." Coles, 270 Va. at 589-90, 621 S.E.2d at 111 (citation omitted). The deliberateness of Swanson's actions, coupled with the severity of his repeated ramming collisions, demonstrated his intent to "maim, disfigure, disable or kill" Trooper Martin. See, e.g., Holley, 44 Va. App. at 236-37, 604 S.E.2d at 131.

## B. FATAL VARIANCE BETWEEN INDICTMENT AND PROOF

We should vacate his hit-and-run conviction, Swanson argues, because a fatal variance exists between the indictment and the proof at trial. This argument rests on the assertion that "the indictment alleged a felony involving injury to a person. It failed to prove this felony. This was a fatal variance." Appellant's Br. at 9. Swanson's question presented on appeal frames the issue this way: "Can evidence showing only property damage and no personal injury support a conviction for felony hit and run where the defendant was indicted for leaving the scene of an accident involving personal injury and no amendment was made to the indictment to allege damage over $1,000?" Id. at 1.

---

[2] See, e.g., Holley, 44 Va. App. at 234, 604 S.E.2d at 130 (affirming a conviction for attempted malicious wounding and stating that a defendant's intent can be inferred from the "immediate, direct, and necessary consequences of his voluntary act" (citation omitted)); see also Howard v. Commonwealth, 207 Va. 222, 228, 148 S.E.2d 800, 804 (1966) (applying inference to a charge of attempted murder); Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998) (recognizing inference applicable to a charge of attempted malicious wounding).

The underlying right protected by the fatal variance doctrine is the right to not be convicted of a crime other than the one charged. Not every variance is fatal. See Jolly v. Commonwealth, 136 Va. 756, 762, 118 S.E. 109, 112 (1923) (holding that an indictment was valid despite having a "formal defect" when the substance of the allegations was clear). It must be one that charges a wholly different offense than the one proved — like charging theft of money by false pretenses from victim A, while proving only theft by false pretenses from victim B, Gardner v. Commonwealth, 262 Va. 18, 546 S.E.2d 686 (2001), or charging a defendant with shooting into one woman's residence while proving that he shot into another woman's residence, Etheridge v. Commonwealth, 210 Va. 328, 171 S.E.2d 190 (1969).

We agree that fatal variance principle would similarly preclude the Commonwealth from indicting a hit-and-run defendant based *solely* on an allegation of personal injuries and then seeking to convict him at trial based *solely* on proof of property damage. Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 245 (1997), overruled in part on other grounds, Edwards v. Commonwealth, 41 Va. App. 752, 761-66, 589 S.E.2d 444, 448-51 (2003) (*en banc*). But that is not what happened here. The indictment charged Swanson with a hit-and-run offense involving personal injury *or* property damage in violation of Code § 46.2-894. See Scott v. Commonwealth, 49 Va. App. 68, 76, 636 S.E.2d 893, 897 (2006) (pointing out that the indictment in Fontaine "did not charge the defendant *generally* with hit and run in violation of Code § 46.2-894" (emphasis in original)). The proof at trial did not show any personal injury to Trooper Martin but did show over $6,000 in property damage to his vehicle.

Swanson's indictment, moreover, specifically alleged a *felony* hit-and-run offense. The title of the indictment ("Indictment for Felony Hit/Run") as well as its text (alleging Swanson acted "feloniously") made this clear. The indictment cited Code § 46.2-894 and thus incorporated by reference its requirement that the property damage exceed $1,000. When

determining the scope of the charged offense, we "consider as 'incorporated by reference' the statutes cited in the indictment." Schwartz v. Commonwealth, 45 Va. App. 407, 427-28, 611 S.E.2d 631, 641 (2005) (quoting Reed v. Commonwealth, 3 Va. App. 665, 667, 353 S.E.2d 166, 167-68 (1987)); see also Walshaw v. Commonwealth, 44 Va. App. 103, 109-10, 603 S.E.2d 633, 636 (2004) (holding that the incorporation by reference of the statute cited in the indictment "provides adequate notice of the charges against the accused" (citation omitted)). Nothing in Swanson's indictment suggested the property damage would be less than $1,000 or that he was actually being charged with a misdemeanor hit-and-run charge.

In short, the indictment against Swanson charged a felony hit-and-run based alternatively on personal injury or property damage in violation of Code § 46.2-894. The trial court convicted Swanson of felony hit-and-run based entirely on property damage in violation of Code § 46.2-894. There was no variance, much less a fatal one, between the offense charged in the indictment and the offense proven at trial.[3]

There being no variance, we need not address whether the hit-and-run indictment was facially flawed because it failed to expressly allege more than $1,000 in property damage. Cf.

---

[3] We acknowledge, but find unpersuasive, Swanson's reliance on Hall v Commonwealth, 8 Va. App. 350, 381 S.E.2d 512 (1989). There, we reversed a conviction under Code § 18.2-300(A) (possessing a sawed-off shotgun during a crime of violence) when the indictment alleged only a violation of Code § 18.2-300(B) (possessing a sawed-off shotgun "for any other purpose" unauthorized by law). In this respect, Code § 18.2-300 defined "two separate crimes" rather than one crime with mere "gradations of punishment." Schwartz, 45 Va. App. at 435-37, 611 S.E.2d at 645-46 (distinguishing Hall).

In contrast, Swanson's indictment charged him with *felony* hit-and-run in violation of Code § 46.2-894 — a single statutory offense implicating a single gradation of punishment. "Any person convicted of a *violation of this section* is guilty of (i) a Class 5 *felony* if the accident results in injury to or the death of any person, or if the accident results in more than $1000 of damage to property or (ii) a Class 1 misdemeanor if the accident results in damage of $1000 or less to property." Code § 46.2-894 (emphasis added). As we have said in similar contexts, "such disparate penalties do not spawn gradations of the offense. The crime is not defined by the penalty." Schwartz, 45 Va. App. at 437, 611 S.E.2d at 646 (citation omitted).

<u>Stamper v. Commonwealth</u>, 228 Va. 707, 712-13, 324 S.E.2d 682, 685-86 (1985) (pointing out that defendant's "fatal variance" argument was a misguided attack on the facial sufficiency of the indictment). Facial challenges to an indictment must be made prior to trial as required by the statute of jeofails, Code § 19.2-227, and Rule 3A:9. <u>Id.</u> The Virginia Supreme Court has "consistently and repeatedly held that generally a defendant must challenge the sufficiency of an indictment before the jury's verdict, or the alleged defect is waived." <u>Wolfe v. Commonwealth</u>, 265 Va. 193, 224, 576 S.E.2d 471, 489 (2003).[4] Because Swanson raised only a fatal variance objection at trial, rather than a facial sufficiency challenge before trial, we rule only on the issue properly presented to us for appellate review.

III.

In sum, the evidence supports the jury's finding that Swanson attempted to maliciously wound Trooper Martin. We also find the trial court did not err in rejecting Swanson's argument that a fatal variance between the indictment and the proof at trial required a dismissal of the felony hit-and-run charge. We thus affirm both of these convictions.

<u>Affirmed.</u>

---

[4] <u>See</u> <u>also</u> <u>Parker v. Commonwealth</u>, 42 Va. App. 358, 379, 592 S.E.2d 358, 369 (2004) ("Defects in the charging instrument are ordinarily waived unless raised before trial."), <u>aff'd</u>, 269 Va. 174, 608 S.E.2d 925 (2005) (<em>per curiam</em>); <u>Harris v. Commonwealth</u>, 39 Va. App. 670, 674, 576 S.E.2d 228, 230 (2003) (<em>en banc</em>).